LISA A. CERVANTES, Cal. Bar No. 203046
CERVANTES & ASSOCIATES ENTERTAINMENT LAW
1039 26th Street
Santa Monica, California 90403
Telephone: (323) 333-2553
Facsimile: (310) 315-1404
E-mail: musiclaw@sbcglobal.net

Attorneys for Defendants
LESLIE A. CABEZAS and MANUEL E. CABEZAS,
dba ANANDA CENTER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHHR HOSPITALITY PRIVATE LIMITED,<br><br>          Plaintiff,<br><br>v.<br><br>LESLIE A. CABEZAS and MANUEL E. CABEZAS, dba ANANDA CENTER,<br><br>          Defendants. | Case No. 08 CV 0540 LAB (AJB)<br><br>**DEFENDANTS LESLIE A. CABEZAS and MANUEL E. CABEZAS, dba ANANDA CENTER's ANSWER TO PLAINTIFF'S COMPLAINT; PROOF OF SERVICE**<br><br>COMPLAINT filed: March 24, 2008 |

## ANSWER

For their ANSWER to the Plaintiff's initial COMPLAINT, defendants LESLIE A. CABEZAS and MANUEL E. CABEZAS, dba ANANDA CENTER admit, deny and aver as follows:

## PARTIES

1. In response to Paragraph 1 of the of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and accordingly deny such allegations.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

2. In response to Paragraph 2 of the Complaint, Defendants admit that Defendants CABEZAS are California citizens doing business as Ananda Center at a principal place of business at 945 Hornblend Street, Suite C, San Diego, California 92109, but deny each and every other allegation in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. In response to Paragraph 3 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

4. In response to Paragraph 4 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

5. Defendants deny the allegations of Paragraph 5 of the Complaint.

6. Defendants deny the allegations of Paragraph 6 of the Complaint.

## IHHR'S PURPORTEDLY FAMOUS ANANDA TRADEMARK

7. Defendants incorporate herein each and every response of their set forth in paragraphs 1-6 above.

8. In response to paragraph 7 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and accordingly deny such allegations.

9. In response to paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and accordingly deny such allegations.

10. In response to paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and accordingly deny such allegations.

11. In response to paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and accordingly deny such allegations.

12. In response to paragraph 11 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and accordingly deny such allegations.

## ANANDA CENTER'S PURPORTEDLY WRONGFUL ADOPTION AND USE OF THE ANANDA MARK

13. Defendants incorporate herein each and every response of their set forth in paragraphs 1-12 above.

14. Defendants deny entirely the allegations of Paragraph 12 of the Complaint.

15. Defendants admit that Plaintiff has not authorized, licensed or otherwise permitted use of the ANANDA mark, but deny that any authorization, license or other permitted use was necessary, applicble or appropriate, and deny that they have done anything to confuse the ANANDA mark as alleged. Accordingly, Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

16. Defendants deny entirely the allegations of Paragraph 14 of the Complaint.

17. Defendants deny entirely the allegations of Paragraph 15 of the Complaint.

18. In response to Paragraph 16 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 16 are denied.

## ANANDA CENTER'S PURPORTED USE OF THE ANANDA MARK DILUTES THE DISTINCTIVENESS OF THE ANANDA NAME AND MAKES CONFUSION LIKELY

19. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-18 above.

20. In response to Paragraph 17 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 17 are entirely denied.

21. In response to Paragraph 18 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 18 are entirely denied.

22. In response to Paragraph 19 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 19 are entirely denied.

## COUNT I (FOR FEDERAL TRADEMARK INFRINGEMENT)

23. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-22 above.

24. In response to Paragraph 21 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 21 are entirely denied.

25. In response to Paragraph 22 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 22 are entirely denied.

26. Defendants deny entirely the allegations of Paragraph 23 of the Complaint.

## COUNT II (FOR FEDERAL UNFAIR COMPETITION)

27. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-26 above.

28. In response to Paragraph 25 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 25 are entirely denied.

29. Defendants deny entirely the allegations of Paragraph 26 of the Complaint.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## COUNT III (FOR FEDERAL TRADEMARK DILUTION)

30. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-29 above.
31. Defendants deny entirely the allegations of Paragraph 28 of the Complaint.
32. In response to Paragraph 29 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 29 are entirely denied.
33. Defendants deny entirely the allegations of Paragraph 30 of the Complaint.

## COUNT IV (ANTICYBERSQUATTING CONSUMER PROTECTION ACT)

34. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-33 above.
35. Defendants deny entirely the allegations of Paragraph 32 of the Complaint.
36. Defendants deny entirely the allegations of Paragraph 33 of the Complaint.
37. In response to Paragraph 34 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 34 are entirely denied.
38. In response to Paragraph 35 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 35 are entirely denied.
39. Defendants deny entirely the allegations of Paragraph 36 of the Complaint.

## COUNT V (UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES)

40. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-39 above.
41. Defendants deny entirely the allegations of Paragraph 38 of the Complaint.
42. Defendants deny entirely the allegations of Paragraph 39 of the Complaint.

## COUNT VI (MISAPPROPRIATION)

43. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-42 above.
44. Defendants deny entirely the allegations of Paragraph 41 of the Complaint.
45. Defendants deny entirely the allegations of Paragraph 42 of the Complaint.
46. Defendants deny entirely the allegations of Paragraph 43 of the Complaint.

## COUNT VII (ACCOUNTING)

47. Defendants incorporate herein each and every response of theirs set forth in paragraphs 1-46 above.
48. In response to Paragraph 45 of the Complaint, the allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 45 are entirely denied.

## PRAYER FOR RELIEF

49. Defendants deny that Plaintiff is entitled to any of the relief prayed for in Paragraphs A through K (pages 9 through 11) of its Complaint. Defendants, on the other hand, upon prevailing in this action, will be entitled to the payment by Plaintiff of all of Defendants' costs and attorneys' fees (pursuant to 17 U.S.C. Section 505 and pursuant to Lanham Act Section 1117) they will have incurred in connection with this action, and hereby pray for such relief and such other relief as the Court may grant in this action.

## AFFIRMATIVE DEFENSES

As affirmative defenses to allegations contained in Plaintiff's Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

50. The Complaint, and all claims for relief contained therein, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
(Pre-Existing Common Law Rights by Defendants)

51. Plaintiff's Complaint and all of its claims for relief contained therein, are barred by Defendants' preexisting common law rights, to wit, Defendants' continuous prior use of the name Ananda Center pursuant to 15 USCA Section 1115(b), 15 USCA Section 1057(c) and Lanham Act Section 7(c).

## THIRD AFFIRMATIVE DEFENSE
(Limited Area Defense)

52. Plaintiff's Complaint and all of its claims for relief contained therein, are barred by Defendants' adoption and continuous use of the name Ananda Center prior to Plaintiff's registration of its mark and without knowledge of the registrant's use pursuant to 15 USCA Section 1115(b)(5).

## FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

53. Upon information and belief, Plaintiff's Complaint and all of its claims for relief contained therein, are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
(Laches)

54. Upon information and belief, Plaintiff's Complaint and all of its claims for relief contained therein, are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

55. Upon information and belief, Plaintiff's Complaint and all of its claims for relief contained therein, are barred by the doctrine of unclean hands in that the allegations made in the Complaint lack any merit whatsoever.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Intent)

56. Defendants, at all times, believed their conduct to be fair and lawful and therefore done without any specific intent of alleged infringement, unfair competition, dilution, cybersquatting or deception.

57. Defendants reserve the right to add additional defenses as they become known during the course of this action, and hereby specifically reserve the right to amend their Answer to assert such defenses.

Dated: April 28, 2008

CERVANTES & ASSOCIATES
ENTERTAINMENT LAW

By _____
LISA A. CERVANTES
Attorneys for Defendants
LESLIE A. CABEZAS and
MANUEL E. CABEZAS,
dba ANANDA CENTER

## PROOF OF SERVICE BY EMAIL AND FACSIMILE

STATE OF CALIFORNIA: COUNTY OF LOS ANGELES

I, the undersigned, declare that I am over the age of 18 and not a party to this case, I am employed in or am a resident of the County of Los Angeles, California where the service occurs and my business address is 1039 26th Street, Santa Monica CA 90403.

I further declare that on April 28, 2008, I filed with the above-referenced Court, and on April 28, 2008, I caused the following documents to be sent by facsimile transmission:

**DEFENDANTS LESLIE A. CABEZAS AND MANUEL E. CABEZAS dba ANANDA CENTER's ANSWER TO PLAINTIFF'S COMPLAINT**

from Santa Monica, California to the parties' attorneys of record listed below:

TRACY EVANS-MOYER, ESQ.
McGUIRE WOODS, LLP
1800 Century Park East, 8th Floor
Los Angeles, California 90064

Facsimile:  (310) 315-8210
E-mail:  tmoyer@mcguirewoods.com

  Attorneys for Plaintiff
  IHHR HOSPITALITY PRIVATE LIMITED

**I declare under penalty of perjury that the foregoing is true and correct.**

LISA A. CERVANTES                                    Dated: April 28, 2008

-9-