LISA A. CERVANTES, Cal. Bar No. 203046
CERVANTES & ASSOCIATES ENTERTAINMENT LAW
1039 26th Street
Santa Monica, California 90403
Telephone: (323) 333-2553
Facsimile: (310) 315-1404
E-mail: musiclaw@sbcglobal.net

Attorneys for Defendants
LESLIE A. CABEZAS and MANUEL E. CABEZAS,
dba ANANDA CENTER


MCGUIREWOODS LLP
TRACY EVANS-MOYER, SBN 243212
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Plaintiff
IHHR Hospitality Private Limited

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHHR HOSPITALITY PRIVATE LIMITED,<br><br>            Plaintiff,<br><br>    v.<br><br>LESLIE A. CABEZAS and MANUEL E. CABEZAS, dba ANANDA CENTER,<br><br>            Defendants. | Civil Case No. 08CV 0540 LAB (AJB)<br><br>**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**<br><br>Case Management Conference<br>Date:     June 11, 2008<br>Time:    10:00 a.m.<br><br>THE HONORABLE JUDGE ANTHONY J. BATTAGLIA |

**JOINT REPORT OF THE PARTIES PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE (FRCP) 26(F)**

Pursuant to Federal Rule of Civil Procedure 26(f), the parties held a telephone conference on May 19, 2008 at 2:00 p.m.  The conference was attended by George Spatz, counsel for Plaintiff, IHHR Hospitality Private Limited ("IHHR"), and Lisa A. Cervantes,

counsel for Defendants Leslie A. Cabezas and Manuel E. Cabezas d/b/a Ananda Center ("Ananda Center").  Plaintiff and Defendants, by their respective undersigned attorneys, hereby submit this Joint Initial Status Report, stating as follows:

## PLAINTIFF'S CLAIMS

Plaintiff claims (i) federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114, (ii) federal unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), (iii) violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), (iv) violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), and (v) ancillary California state law claims.  Plaintiff asserts federal question jurisdiction, 28 U.S.C. § 1331 and 28 U.S.C. § 1338 and supplemental jurisdiction, 28 U.S.C. § 1367(a).  Plaintiff alleges that Defendants have infringed its rights in Plaintiff's ANANDA mark (Reg. No. 3,011,041) by adopting an identical mark and the domain name www.anandacenter.com for identical services.  Plaintiff seeks injunctive relief and damages.

## DEFENDANTS' CLAIMS

IHHR sued Leslie Cabezas and Manuel Cabezas, dba Ananda Center for federal trademark infringement, unfair competition, violation of 15 U.S.C. § 1125(d), and ancillary California state law claims, claiming that Defendants' local business in San Diego since 2000 causes confusion with IHHR's hotel and spa in India as to "spa services."  Defendants deny all of Plaintiff's claims and contend that Plaintiff cannot prove (1) priority of use; (2) continuous use; (3) that the service mark of Plaintiff extends to Defendant's use; (4) that the mark registered by Plaintiff is not generic or descriptive.  Defendants created and has continuously used their domain name www.anandacenter.com since January 2003, 3 years prior to Plaintiff's trademark registration.

In addition, Defendants contend their use is protected under common law, and falls squarely into the "the limited area defense" because their mark was adopted without knowledge of the registrant's use, and has been continuously used by Defendants from a date 5 years prior to registration of the mark by Plaintiff.

Defendants contend that Plaintiff asserts fraudulent claims and brought this action in bad faith. Defendants seek summary adjudication in their favor as well as attorney fees and costs of suit.

## POTENTIAL FOR ADR PROCEEDINGS
## AND/OR PROMPT SETTLEMENT

The parties discussed the possibility of proceeding with and a willingness to attend an additional judicial mediation following any summary judgment motions.

## PRESERVATION OF POTENTIALLY DISCOVERABLE MATERIAL

Plaintiff represented that all discoverable material within its custody, possession or control was being preserved in accordance with its obligations. Defendants represented that all discoverable material within their custody, possession or control was being preserved in accordance with their obligations. Issues relating to electronically stored information are discussed below in this report. Counsel for all parties have advised their clients of their duties to preserve materials.

## SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

**PLAINTIFF'S DISCOVERY SUBJECTS**

Plaintiff's subjects of discovery include: the allegations set forth in the Complaint; representations/communications with third parties by Defendants; the statements, allegations and admissions made in Defendants' answers, the documentation and communications of Defendants. Plaintiff anticipates taking the deposition of defendants, their employees, and third party purchasers of Defendants' services. Expert testimony and discovery may also be necessary.

**DEFENDANTS' DISCOVERY SUBJECTS**

Defendants intend to conduct discovery on the following topics: the claims asserted in Plaintiff's COMPLAINT; as well as all asserted defenses thereto; Plaintiff's alleged damages; Plaintiff's alleged "advertisements"; Plaintiff's application for

**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

registration to the United States Patent & Trademark Office; any alleged confusion, infringement between Plaintiff's trademark and Defendants' business name. Defendants will take the depositions of Plaintiff, its employees, and third party purchasers of Plaintiff's services, as well as propound discovery on representations/communications with third parties by Plaintiff including statements, allegations and admissions contained in Plaintiff's Complaint. Expert testimony and discovery may also be necessary.

## ELECTRONICALLY STORED INFORMATION

Plaintiff and Defendants each represented that there were no issues with the production of electronically stored information and that such information would most likely be produced in hard copy form, although depending on the nature of the request and the information, some may be produced electronically, if that is more practical.

## PROPOSED DISCOVERY PLAN

Plaintiff and Defendants intend to notice and schedule depositions of principals and any other witnesses over the next 3-5 months. Plaintiff and Defendants intend to propound document requests, interrogatories, requests for admission, and Rule 45 subpoenas for documents and depositions if necessary.

## PROPOSED PRE-TRIAL AND TRIAL DATES

The following are the events that have occurred so far in this action:

| | |
|---|---|
| COMPLAINT filed: | March 24, 2008 |
| ANSWER TO COMPLAINT filed: | April 28, 2008 |
| ORDER SETTING ENE filed: | April 30, 2008 |
| Rule 26(f) conference held: | May 19, 2008 |
| Scheduling Conference: | June 11, 2008, 10:00 a.m. |

The parties propose the following pre-trial and trial dates:

**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
4

| EVENT | PROPOSED DATE |
|---|---|
| Last day to provide initial disclosures [FED. R. CIV. P. 26(a)(1)(C)] | June 11, 2008 |
| Last day to add parties and amend the pleadings [FED. R. CIV. P. 16(b)(3)(A)] | August 2, 2008 |
| Last day to complete WRITTEN fact discovery (not including hearing motions to compel) [FED. R. CIV. P. 16(b)(3)(A)] | October 11, 2008 |
| Last day to complete ORAL fact discovery (not including hearing motions to compel) [FED. R. CIV. P. 16(b)(3)(A)] | December 11, 2008 |
| Last day to provide initial expert reports (90 days before trial) [FED. R. CIV. P. 26(a)(2)(C)(i)] | February 28, 2009 |
| Last day to provide rebuttal expert reports (30 days after the initial expert disclosures) [FED. R. CIV. P. 26(a)(2)] | March 30, 2009 |
| Last day to complete expert discovery [FED. R. CIV. P. 16(b)(3)(A)] | April 30, 2009 |
| Last day to file dispositive motions | May 15, 2009 |
| Final pre-trial conference [FED. R. CIV. P. 16(b)(3)(B)(v)] | July __, 2009 |
| Trial (5 court days) [FED. R. CIV. P. 16(b)(3)(B)(v)] | August __, 2009 |

## **OTHER MOTIONS**

The Parties agree, pursuant to Rule 26(f)(3)(F), that the Court will not need to issue further orders pursuant to Rule 26(c) or 16(b), other than a protective order governing the disclosure and use of the parties' confidential information.

**JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**
5

**COMPLEX CASE**

The parties agree this is not a complex case under Local Rule 26-1(a).

**TRIAL DAYS**

Because of the number of parties involved, the parties presently expect that five **(5) court days** will be needed for this jury trial. The parties do not consent to proceeding to trial before a Magistrate Judge.

**ADDITIONAL PARTIES**

Pursuant to Local Rule 26-1(e), neither party knows at this time whether additional parties will be added to the lawsuit. Neither party anticipates adding any parties.

Dated: May 20, 2008         CERVANTES & ASSOCIATES
                            ENTERTAINMENT LAW


                            By    /s/ Lisa A. Cervantes
                                  LISA A. CERVANTES
                                  Attorneys for Defendants
                                  LESLIE A. CABEZAS and
                                  MANUEL E. CABEZAS,
                                  dba ANANDA CENTER


                            MCGUIREWOODS LLP


                            By:   /s/ Tracy Evans Moyer
                                  Tracy Evans-Moyer
                                  Attorneys for IHHR Hospitality Private
                                  Limited

JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)