cal__sc____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IHHR HOSPITALITY PRIVATE LIMITED, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>LESLIE A. CABEZAS, dba ANANDA )<br>CENTER, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 08cv0540 LAB (AJB)<br><br>AMENDED SCHEDULING ORDER |

Pursuant to Rule 16.1 of the Local Rules, a Case Management Conference was held on June 12, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be *filed* on or before *June 12, 2008*.

2. On or before *December 11, 2008*, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before *January 5, 2009*, any part may supplement in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

1    3.   Each expert witness designated by a party shall prepare a written report to be provided to
2 all other parties **no later than** *February 28, 2009*, containing the information required by Fed. R. Civ. P.
3 26(a)(2)(A) and (B).

4    **Except as provided in paragraph 4, below, any party that fails to make these disclosures**
5 **shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed**
6 **at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by**
7 **Fed. R. Civ. P. 37(c).**

8    4.   Any party, through any expert designated, shall in accordance with Fed. R. Civ. P.
9 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended
10 solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted
11 by another party. Any such supplemental reports are due on or before *March 30, 2009.*

12    **Please be advised that failure to comply with expert discovery or any other discovery order**
13 **of the court may result in the sanctions provided for in Fed. R. Civ. P. Rule 37 including a**
14 **prohibition on the introduction of experts or other designated matters in evidence.**

15    5.   All fact discovery shall be completed by all parties on or before *December 11, 2008*. All
16 expert discovery shall be completed by all parties on or before *April 30, 2009*. "Completed" means that
17 all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under
18 Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be*
19 *completed* by the cut-off date, taking into account the times for service, notice and response as set forth
20 in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the
21 attention of the Magistrate Judge no later than thirty (3) days following the date upon which the event
22 giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the require-
23 ments of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

24    6.   All motions, other than motions to amend or join parties, or motions in limine, shall be
25 filed on or before *May 29, 2009*.

26    Motions will not be heard or calendared unless counsel for the moving party has obtained a
27 motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the**
28 **parties must file their moving papers within three (3) days of receiving the motion hearing date**

**from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks.  Please plan accordingly.**  For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.

7. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

8. A Mandatory Settlement Conference shall be conducted on *June 29, 2009 at 1:30 p.m.* in the chambers of Magistrate Judge Anthony J. Battaglia.   Counsel shall submit settlement briefs **directly to chambers *(via e:mail at efile_battaglia@casd.uscourts.gov)*** and serve copies on all counsel.  Plaintiff's brief shall be submitted to chambers and served on all counsel no later than *June 15, 2009*.  Defendant's brief shall be submitted to chambers and served on all counsel no later than *June 22, 2009*.  The briefs shall set forth the party's statement of the case and the party's settlement position, including the last offer or demand made by that party and a separate statement of the offer or demand the party is prepared to make at the Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall *not* include exhibits or attachments.  Each party and claims adjusters for insured defendants, in addition to any other representatives with full authority to enter into a binding settlement[1], as well as the principal attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in cases where settlement authority rests with a governing body shall be proposed in advance.**

---

[1] "Full authority to settle" means that the individuals at the settlement conference be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int.'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the persons view of the case may be altered during the face to face conference. Pitman at 486.  A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

*__Any request to continue the conference or request for relief from any of the provisions or requirements of this Order must be sought by a written ex parte application.  The application must be supported by a declaration of counsel setting forth the reasons and justifications for the relief requested; confirm compliance with Civil Local Rule 26.1; and, report the position of opposing counsel or any unrepresented parties subject to the Order.__*

*__If the case is settled in its entirety before the scheduled date of the conference, counsel and any unrepresented parties must still appear in person, unless a written stipulation confirming the complete settlement of the case is submitted no less than 24 hours before the scheduled conference__*.

9.       Despite the requirements of Civil Local Rule 16.1.f.2, neither party is required to file a Memoranda of Contentions of Fact and Law at any time.  The parties shall instead focus their efforts on drafting and submitting a proposed pretrial order by the time and date specified by Civil Local Rule 16.1.f.6.b.  The proposed pretrial order shall comply with Civil Local Rule 16.1.f.6 and the Standing Order in Civil Cases issued by Hon. Larry Alan Burns.

10.      All parties or their counsel shall comply with the Pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before *July 13, 2009*.  **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

11.      Counsel shall meet and take the action required by Local Rule 16.1.f.4 on or before *July 20, 2009*.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1.f.4.c. Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed Pretrial Conference Order.

12.      The proposed Pretrial Conference Order, including objections they have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before *July 27, 2009*, and shall be in the form prescribed and in compliance with Local Rule 16.1.f.6.  Counsel shall also bring a court copy of the Pretrial Order to the Pretrial Conference.

13. The final Pretrial Conference is scheduled on the calendar of **Judge Burns** on *October 5, 2009,* at *11:45. a.m*.

14. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Dates and times for hearings on motions should be approved by the Court's clerk before notice of hearing is served.

17. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum shall exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

IT IS SO ORDERED.

DATED: June 18, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court